IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAUL MERVYN ARNOLD,

    Plaintiff,

vs.                                      Case No. 4:14cv255-RH/CAS

MICHAEL CREWS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On May 29, 2014, the pro se Plaintiff submitted a "Motion to have Federal Court take immediate custody of State Mandamus." Doc. 1. Plaintiff simultaneously submitted a separate "Request to have this Court assume State Mandamus Jurisdiction." Doc. 2. An Order was entered on June 2, 2014, directing Plaintiff to either pay the filing fee for this case or file a motion requesting leave to proceed in forma pauperis. Doc. 4. That Order also explained to Plaintiff that it appeared the motion was requesting this Court to direct the State Court to enter a ruling in his favor. *Id.* Plaintiff was informed that "[t]his Court does not sit as an appellate court to review the decisions of the state courts." Furthermore, a federal court has authority to mandamus federal officials to perform a duty

owed, but lacks authority over state officials. *Id., citing* 28 U.S.C. § 1361. Federal courts generally lack the power to enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See also* Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (considerations of federalism and comity have led to the development of an "abstention doctrine" that counsels against federal interference with state court proceedings).

Judicial notice was taken that Plaintiff filed case number 2009 CA 1619 in the Second Judicial Circuit in and for Leon County, Florida. *See* doc. 4. After directing the Department of Corrections to respond to Plaintiff's petition for writ of mandamus, an order denying mandamus relief was entered on April 13, 2010. A notice of appeal was filed, and the appeal dismissed on July 2, 2010. A second petition for writ of mandamus was filed on June 24, 2013, in case number 2013 CA 1843. It appears that an order was entered on May 22, 2014, dismissing that petition as frivolous and imposing sanctions.

After Plaintiff received that Order, he submitted a civil rights complaint under § 1983, doc. 5, an in forma pauperis motion, doc. 6, a motion for the appointment of counsel, doc. 7, and a motion requesting that he be taken into federal custody while this litigation proceeds, doc. 8. The in forma pauperis motion has been granted in a separate order entered this day.

Review of the civil rights complaint now filed reveals that Plaintiff was convicted of numerous charges and sentenced in 1992 to 40 years in prison after entering a plea bargain. Doc. 5 at 11. Pursuant to the plea bargain, Plaintiff contends that he would

served his sentences concurrent to his conviction in Texas and was permitted to "serve time in Texas." *Id.* at 12; *see* Ex. A. In December of 2005, Plaintiff was approved for parole from the State of Texas. *Id.* at 13. At that point, the Florida Department of Corrections had Plaintiff returned to the State of Florida "under the pretense of a Governor's Warrant." *Id.* Plaintiff contends that the Department caused him "to lose his liberty" and "countermanded" his plea agreement. *Id.* at 14. Plaintiff claims he was subjected to an illegal extradition and asserts the warrant was falsified. *Id.* at 15. Plaintiff asserts that he "is being held illegal[ly] for over 8½ years in the Florida prison system and" has lost his liberty. *Id.* at 16.

Plaintiff also names two state court judges as Defendants. The basis for Plaintiff's claims against Defendant Keven Carroll and Defendant Joseph Lewis is that they dismissed Plaintiff's petitions in state court and "failed to grant relief," continuing the alleged denial of Plaintiff's liberty. *Id.* at 17-19. Plaintiff asserts that Defendants violated Plaintiff's Fourteenth Amendment rights and he is illegally held in the Florida Department of Corrections. *Id.* at 20. Plaintiff seeks to be released from custody. *Id.*

Plaintiff's claim that he is being unlawfully incarcerated is not an appropriate claim in a civil rights case. That kind of relief is only available through the filing of a § 2254 habeas petition. There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also* <u>Hill v. McDonough</u>, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006) (holding that challenge to lethal injection procedures may be brought in § 1983 action).

Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ."  Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994).  Where a litigant is not challenging the fact or duration of confinement, but rather the conditions of that confinement, then civil rights is the proper avenue of relief.  See Porter v. Nussle, 122 S.Ct. 983, 989, 122 S.Ct. 983, 990, 152 L.Ed.2d 12 (2002), citing McCarthy v. Bronson, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991) and Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Because Plaintiff is seeking release from the custody of the Florida Department of Corrections, this claim must be dismissed because it cannot be brought through a civil rights action.

If Plaintiff wishes to challenge his confinement through a writ of habeas corpus, he may do so by filing the appropriate petition under 28 U.S.C. § 2254 after exhausting state remedies.  However, Plaintiff's complaint under § 1983 which is presently before the Court should be dismissed.[1]  As dismissal is recommended, all other remaining motions in this case should be **Denied**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the civil rights complaint, doc. 5, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28

---

[1] It is inappropriate to simply convert or construe this as a habeas petition due to the many procedural differences which exist.  See Moore v. Pemberton, 110 F.3d 22, 23-24 (7th Cir. 1997) (finding § 1983 suit regarding prison disciplinary report improperly converted to a habeas petition by the district court, noting all the procedural problems stemming from the treatment of a §1983 suit as a habeas petition), citing Copus v. Edgerton, 96 F.3d 1038 (7th Cir. 1996).

Case No. 4:14cv255-RH/CAS

Case 4:14-cv-00255-RH-CAS   Document 10   Filed 06/20/14   Page 5 of 5

Page 5 of 5

U.S.C. § 1915(e)(2), that all pending motions in this case be **DENIED**, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2014.

      S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**